HILL, *Ap't, v.* ROLFE, *Assignee.*

An assignment for the benefit of creditors, under Gen. Laws, c. 140, does not take effect until delivered to the assignee with the intent of placing the debtor's property in the assignee's hands; and the proof of a creditor's claim is seasonably made if it is filed in the probate office within six months of the date of such delivery, though the assignment may have been executed and sworn to at an earlier day.

PROBATE APPEAL, from the disallowance of the plaintiff's claim against William Vogler, in insolvency, upon the ground that the claim was not filed in the probate office within six months after the assignment, as provided by Gen. Laws, c. 140, s. 11. The assignment was made and sworn to by Vogler, November 3, 1879, but with the intention of not delivering it unless his creditors should press him by attaching his property. He retained the assignment in his possession until November 11, when, being pressed by a creditor for payment, he delivered it to the defendant, the assignee, who filed it in the probate office the same evening, and subsequently took possession of the debtor's property. The plaintiff assented to the assignment, and proved and filed his claim in the probate office, May 1, 1880.

*Chase & Streeter*, for the plaintiff.

*H. P. Rolfe*, for the defendant.

ALLEN, J. By Gen. Laws, c. 140, s. 2, no assignment for the benefit of creditors shall be valid until the person making the same shall make oath, which shall be certified thereon, that he has placed and assigned, and the true intention of the assignment is

to place in the hands of the assignee, all his property of every description, except what is by law exempt from attachment, to be divided among all his creditors in proportion to their respective claims. The assignment could not take effect until he placed his property in the hands, or at least the control, of the assignee. This was not done while the debtor retained the assignment in his hands with an intent never to deliver it and the property assigned until future exigencies might require it; and the transaction could not be treated as a valid assignment so long as anything remained to be done to complete and make it effective. Though the assignment was executed on November 3, its retention by the debtor for eight days after, with a design to deliver and publish it only upon a contingency that might never happen, and the continued possession and beneficial use of the property by him for the same time, prevented the giving of any life or effect to the assignment during that period. To make the deed operative, delivery and acceptance were necessary. *Cook* v. *Brown,* 34 N. H. 475; *Bank* v. *Webster,* 44 N. H. 268; *Johnson* v. *Farley,* 45 N. H. 505, 509. If in cases under the insolvent laws of the state there could be a valid assignment without an acceptance of the deed by the assignee (*Johnson* v. *Farley, p.* 509), there must be, at least, an intention to assign and a parting with control of the deed, either by actual delivery or by a filing in the probate court for the benefit of the creditors. It could not be for their benefit so long as it remained in the debtor's hands and under his control without intention to make it effective by delivery. If the contention of the defendant that the assignment was operative from the moment of its execution should prevail, then Vogler might have kept the assignment in his pocket for six months, and so prevented any creditor from proving his claim within the statute period, and at the same time obtained a discharge from his indebtedness and retained all his property. The injustice and illegality of the result are a sufficient answer to the claim. The assignment did not take effect until November 11, and the plaintiff's claim was seasonably filed.

*Decree reversed.*

All concurred.